Good morning. Good morning. I would like to reserve five minutes, if I could, for a rebuttal. All right. And if you would state your appearance for the record. Yes. My name is Dennis King. I represent the appellant, Jackson Auto, JJCO, Inc. I'll refer to it as Jackson. Present with me is Mr. Jack Jackson, the president of the company. All right. Thank you. And you said how many, how much for a rebuttal? Five? Five minutes. All right. Thank you. All right. This case is a case that could have been decided and I believe should have been decided on the motion for summary judgment. Now, it is a case that progressed to trial and there was a full trial on the merits. But if one looks at the decision of the court on the order that was entered denying the motion for summary judgment, I think it's evident that with respect to two fees, and you'll notice out of the briefing that we we claim was a franchisor to my client, the dealer, who we say is a franchisee. Out of those eight fees, for purposes of the summary judgment motion, we're focusing on two of those. Number one is a training fee and number two is a fee that was charged on a regular monthly recurring basis. Well, now, it seems to me, though, I hope you're not going to spend a lot of time on the denial of the motion for summary judgment because once it merges into the final judgment from a full trial, it's no longer appealable in the summary judgment. Well, not under the Fireman's Fund case or the Bonnulo's case, the Ninth Circuit Court cases after the Ortiz case. And if the decision was based on an issue of law, that issue can still be decided by the court. And that's what I was about to focus on. Okay. These two fees were issues of law as they were decided. The court didn't find that there was a disputed fact issue. And looking at the declaration of Mr. Robinson, the only person who opposed the motion for summary judgment, he doesn't deny that training fees were charged. And if we look at the definition of the statute that talks about franchise fees, what is a franchise fee? This is 482E2. It says a franchise fee means any fee or charge that a franchisee or sub-franchisor is required to pay or agrees to pay for the right to enter into business or to continue a business under a franchise agreement. Now, the court decided in its order denying the summary judgment that it was undisputed that a training fee was required to be paid by my client. Also that it was undisputed that a fee was charged, she called it a licensing fee, for the use of a computer system. The franchisee referred to the computer system as the ICS. And that was required to be... Did the jury also determine whether those fees were paid for the right to enter into a business or to continue into the business? The first question on the jury verdict form was whether or not a fee was paid for the right to continue in business. The answer by the jury was no. And it's our factual finding. It went to the jury for a factual finding, but it was an issue of law in the court's order denying the motion for summary judgment. Her position was, in trying to interpret the Hawaii franchise fee definition, that it looked like you needed to present something more than the fact that this fee was required to be paid. Now, so are you... You were saying... You're contending that the jury was compelled to find that these fees... And was there evidence that supplies and services were not actually provided or that charge fees exceeded the value of the supplies and services? Was there evidence in the trial of that? Not really. No, not really. That's not really the answer. I don't think that's really the answer. If you feel it not really should lead to the conclusion, but wasn't there evidence of that? Well, let me tell you what the evidence was by Isuzu. Their own letter instituting the billing program. Keep in mind, there's one witness that was a defense witness. Mr. Maloney, the president of the company, the COO. And you got to realize, this man has been a spokesman for the company for 20 years. He's a smooth talker. He's a communicator. He's articulate. He's likable. And he presented himself well. But he didn't say anything substantively on these issues with regard to the fees. The only testimony that you've got from him basically is that, I could have waived these fees. If you would come to me, I could have waived them. So therefore, they weren't required to be paid by you to continue in business. It's an opinion. No one ever came to him. In fact, my client went to Isuzu and said, can you eliminate several of these fees? We don't need them. So did that statement come in as evidence in the trial? Certainly did. It was not opposed by If you're talking about insufficiency of evidence, I'm having a tough time understanding how I'm really going to make that decision when you don't even discuss or supply me any of the transcripts of JJ Coe's witnesses being cross-examined or direct examinations. Well, I presented you with the transcripts. Did you give me the transcript of JJ Coe's witnesses being cross-examined? Did you give me the transcript of the direct examination of Isuzu's witnesses? It doesn't seem to me you did. And it seemed to me that's exactly what your opponent suggested, that you hadn't done it. And then when I read your reply, you didn't say a word about it. It's a hard thing for me to say that there's an insufficiency of I can't tell you whether I provided direct evidence or cross-examination evidence. I pulled out what I thought was relevant. Well, but direct evidence is never relevant in and of itself without the cross-examination because the evidence is both of those. Well, I have presented the cross-examination of the defense witness, Mr. Maloney. Well, but when you make an insufficiency of the evidence claim, you can't pick and choose what supports your claim. I understand. You have to give the court all of the evidence. I understand that. And I did not try to selectively leave out evidence that would have supported their position. They submitted, as you've seen, a supplemental excerpt of record, 72 pages. None of that testimony by Mr. Maloney that they've submitted to you supports their position that there is any evidence to show that this was not a franchise fee. All his testimony boils down to this one to me. This is what I could have done, and I did have the power. And when he was asked, did you ever waive those fees? We're talking about these specific fees that were put into practice in 2004 by him. He never waived any of these fees. Well, I'm still farther up the road. As to the genuine issue of material fact, it's not disputed that fees were paid, is that correct? That's correct. What is disputed, if anything is disputed, is what they were. Well, that's one thing. But the court also, in its order denying summary judgment, said that these fees were required to be paid. Under the statute, that's not a necessary element. Well, that's a legal question. It can be agreed to. That's a legal question. So, your position is that they were franchise fees? Definitely. There's no question about it. And the evidence supporting that is what? Supporting that is a number of things. First of all, we have 300, 400 pages of invoices that were sent on a regular basis by Isuzu to my client, billing for a list of items. Those fees are listed in our brief. There's eight individual expenses or fees. Now, in 2004, remember there's... Did they cover all of the fees in your position that were paid? Yes. Now, out of those fees that were charged, this is over a 10-year relationship. In 2004, Mr. Maloney, their president, testified that he changed the billing structure and he went to a monthly basis. Before that, it had been quarterly, annually, all kinds of different ways. And he had his vice president, Mr. Barnidge, issue a letter. This is exhibit... It's ER 1566, excerpt of record 1566. It's a letter from Mr. Barnidge. This is to implement the change in the system that Mr. Maloney put into effect. And he says specifically in the letter, this is sent to all the dealers, including my client. As part of your Isuzu dealer sales and service agreement, Isuzu provides you with a number of support services. So these bills that were being charged to them were for services on an on... As admitted by them, on an ongoing basis, including the Isuzu communication system. That's the ICS that I referred to earlier. Is it your position as a matter of... I'm trying to figure out... As a matter of law, that if they are paying fees for services by the manufacturer that that makes them a franchise fee? That meets the definition of a franchise fee. And that would create a franchise agreement, yes. Well, but what do we do with your corporate officers admitting that failure to comply with multiple provisions of the agreement didn't have an impact on your right to do business with the defendant? That all occurred back in 2000. There was no issue raised after that that my client was alleged violations. These fees are all monetary issues. There's never been a violation or failure of my client to pay these fees. And that goes to why it's a required fee. I didn't quite finish the court's response. Not only were the fees charged... And by the way, this letter says, we're charging you all charges for mandatory Isuzu programs. So it's very clear from Isuzu that these are mandatory programs. Now, how do they get payment for these? Every month, there's a part statement that goes from the distributor to the dealer. And regularly, there's money that's owed by the distributor back to the dealer. What they do is they automatically offset these fees. There's no check that's cut by the dealer. This is what I'm not understanding. I thought that in your view, a franchise fee is what? For the right to continue business. Yes. Now, if you're paying for services that are being rendered to you, why is that a fee for continuing to stay in business? Well, first of all, we're required to pay it. We don't have any option. And that's evidenced by the testimony of Russ Wong, who testified and said, we tried to eliminate the expenses. And Rick Evans, Isuzu's representative said, no, you can't do that. That's the only evidence in the case that somebody tried to change things and they were told, no, you couldn't. Now, with regard- Well, did they put on- Was there evidence in the trial that it involved supplies and services? Was evidence presented to that effect? Yes. I just read you the letter from Isuzu's vice president. These are service programs that they're providing. So, I still don't understand. If there was that evidence before the jury, you had your evidence, they put in their evidence. Why wasn't that a material issue? And why was the jury compelled to find the facts to support your conclusion? The only thing I can come up with is that they were impressed by Mr. Maloney. He was an impressive speaker, but he didn't say anything of substance on this important issue. The jury was wrong on this particular point. Well, being wrong is not the same as that there's no evidence. Their decision is against the clear weight of the evidence. All you're left with on their side of the ledger is that he would have waived these fees if somebody had asked him. Keep in mind, he's the president of the company. When they put this program into effect, did they say, call the president if you have an issue? No. What they said in here was, we hope you find this revised billing process more convenient, efficient, and predictable. If you have questions or concerns, contact Isuzu's support center. My client went to the zone manager and asked, can we eliminate these fees, and was told, absolutely no. I have another issue that, before we get to the five minutes, I want to ask you. Did you raise your argument that there is a private right of action for coercion under Hawaii revised statute section 437-25.5b in the district court? And if not, does that constitute a waiver for your right to raise it for the first time on appeal? No, it doesn't. Did you raise it? Yes, I raised that there was a private cause of action. Where in the record? I didn't cite the specific statute that we have now presented to the court, but I did cite the statute under which- Because the district court asked you what authority you have, and you didn't have any, right? Well, no. I had 437-28a21. That's what- Where did you provide the trial court with any authority that you were entitled to a private right of action? What's the place? You can give it to me on your rebuttal, but I think you need to put that to rest, because I went through, and I guess I'm having a tough time seeing you ever did. I don't want you to take your time. It's wasting, and you don't have that much, but maybe when you come up on rebuttal, you can show me what pages I'm supposed to look at. Okay, well, the argument on that particular issue includes pages ER-114. I believe it goes through 132. Okay, I'll give that- But on rebuttal, I'll give you the exact citation. I specifically said there's a private cause of action in the complaint, which as soon as it was said, we didn't even state in the complaint what the basis was of our claim, and we never had it in our complaint. Count two of the complaint expressly cites the section 437-28A21. That's the section that we're saying there was a coercion or an attempt to coerce my client into entering into a new franchise agreement that required them to release all their rights under the franchise statute, and that was improper. That was what our claim was based upon. The court's question that came up- And it's my understanding that you agree that your rights weren't affected by the offer. What were the rights affected by the offer? The offer. They have to buy back the most recent year of vehicles, but under the new agreement, the service-only agreement, once it expires, they have no obligation to buy back any vehicles because you're releasing all of your rights. It's very clear that the service-only agreement was tailored so that if you had vehicles that you hadn't sold by the time it ended, you would not be able to have those bought back by the company. So at least under the old dealer- You're at four minutes. You may want to reserve the balance of your time. Okay, I will. Thank you, Your Honor. Good morning, Your Honor. Joseph Stewart here on behalf of Apelli Isuzu Motors America. I'd like to start off, I guess, by addressing- I'll take them in order since those seem to be the issues that the Court was interested in hearing about. I think that the Court is correct that the issue of summary judgment is not at issue right now. The sites that we would point to would be the Lucretio case wherein the Court specifically stated that summary judgments that are denied are not reviewable when there's a trial on the merits. Well, I think, yeah, I think that that's pretty clear, but let me ask you this. Do you concede that the jury could have concluded Isuzu's mandatory monthly fees constitute a franchise fee? That they could have? That they could have. They did not, I realize that, but- It seems unlikely to me that they could have reached that conclusion, but- But they presented evidence. There was evidence on both sides. Correct. And so, Counsel for the Appellant, what was the evidence that you presented? Because he's claiming that you had a really good witness that was just very impressive but said nothing. Well, I certainly don't think- What did he say that could be considered evidence from your perspective? Well, Your Honor, there's a couple things. One, I'm sure he would appreciate the compliment, but he did actually testify on numerous points which were- The reason that Mr. King describes him as saying nothing is because, of course, Mr. King didn't include any of the statements that he made in his record on appeal, so you didn't get to hear those from Mr. King. But the important points that Terry Maloney testified to were that all of the goods and supplies and software that Isuzu was providing on a monthly basis to its dealers were being provided at a fraction of the cost to Isuzu. So that's a key point, and that he testified as to what exactly was included in all of those booklets and pamphlets and those nice color brochures you get when you go to the dealership. So he testified to all of that. So how specifically does that relate to whether it was a franchise fee or not? It relates to whether or not it was for the right to do business. If you're buying an item, then it's not for the right to do business. And that's the point that- So he did- That's what his testimony was on that? That was one part of his testimony. Another part of his testimony was that JJCO had in fact been- Well, it was testified by him as well as by Mr. Jackson himself that JJCO had in fact violated many of the standards of the dealer agreement for literally over a decade, and it had never been terminated. Thus, to characterize that as something that's required to be complied with in order to do business is incorrect because clearly they were able to continue to do business despite not complying. Well, okay, so let's assume right now that there was evidence presented the jury could have but did not buy it. But JJCO also, the claim appears to have been based on the contention that Isuzu's mandatory charges for supplies and services constituted a franchise fee. That being said, the district court declined to give JJCO's jury instruction six, which noted that franchise fees may include hidden fees. Why was that not an abuse of discretion? Because the term hidden in this case, I think, would be considered synonymous with the term indirect, which is included in the actual definition of the statute. So it would be cumbersome, duplicative. It implies a sneakiness, so there may have been prejudicial language there as far as the term hidden. Indirect fees clearly would encompass the same kind of thing that you're contemplating there. So I think that there was sufficient basis for Judge Mulway to make that ruling. So the instructions that the judge gave would have allowed the jury to find that it really was a franchise fee. There was, I mean, you know, that's the whole point. If it is a tribal issue, there has to be some instructions as to how it could go one way and how it could go the other. So what was the instruction that covered that? The definition of what constitutes a franchise fee in the statute, the Hawaii Revised Statute, was actually provided, and it does describe both payments of direct and indirect fees. So in that case, I think that that would be included within the concept of an indirect fee, and thus it was duplicative and unnecessary. Have you adequately described what you believe was excluded from the transcripts put before us that should have been and why we should grant summary affirmance? Well, we submitted a supplemental record on appeal for the court, and we believe that much of that testimony certainly was relevant to the franchise fee and supported the judgment of the jury, the decision of the jury. And so merely the exclusion of that supplemental record on appeal, I think, justifies under the basis that Your Honor was talking about earlier with Mr. King that the record on appeal was not provided adequately to the court. It seems to me that the proper answer is, if you're going to claim that there's an insufficient record, you need to designate the entire trial, to my mind. That would be, you know, to pick and choose at that point is doing a disservice to the court, and it's not allowing you to determine whether or not evidence was presented. You can't just pick the parts that you like. Well, and the argument that it's irrelevant, really, you have to look at what's there to determine that, don't you? I believe you do, Your Honor. And if Your Honor can't look at that, then how can you determine what the jury may or may not have seen, you know? I think that that's an obligation on the appellant, and that's why we made that our first argument in the brief. Addressing, so I've talked about the Terry Maloney testimony. One of the other things that I'd like to circle the loop on the summary judgment issue, since J.J. Seales seems to be pointing that, in the Price v. Kramer case, the court acknowledged that it applies the rule as a blanket rule, and I think that's inaccurately described in Plaintiff's brief, but as a blanket rule that summary judgment is not reviewable when that goes to the jury, regardless. And in this case, specifically, the court's order that Judge Maloney issued denying the summary judgment motion, specifically pointed on the training fees. The court said, J.J. Seales may be able to establish that it paid training fees, but the present record is so sparse in that regard that the disputes so obvious to this court cannot determine that as a matter of law. Furthermore, on the Isuzu communication system that Mr. King talked about, questions of fact preclude summary judgment on this issue. So, and then in the final conclusion of the order, Judge Maloney stated there's questions of fact which preclude summary judgment. So, I'm sorry, Your Honor, am I? I'm just having trouble seeing how you could turn that into a question of law. I don't think it's a question of law. The question is not whether they were, the question is for what purpose were these fees paid? Well, I think what was provided was not adequately described by the Plaintiff in making their burden in the summary judgment motion. And what, you know, whether or not something was for the right to do business was not established. And for those reasons, there was just, there was no factual claim. That's what Judge Maloney said. You got to prove it or send it to the jury. And that's why it went to the jury. So, anyway, we think as a matter of law in the Ninth Circuit, the court doesn't even get to that point under the Criccio case and the Price v. Kramer case. But nevertheless, I wanted to clean the record up on that point. What is your best evidence that these fees, even though paid, the business relationship would have continued? Or even not paid, it would have continued? Well, to clarify, I'd like to make one point on that, is that the fees that Mr. King was talking about specifically are, there's, one is the Isuzu communication system, which is the computer software system that they used to process parts orders and that sort of dealers, like I talked about, pamphlets, brochures, banners, sales materials, etc. Those are not required to be purchased under the term of the contract. So, if Isuzu had tried to terminate JJCO for not paying for them, you know exactly what the answer you would have gotten from JJCO, where can you terminate the contract for that? Because it's not required to be purchased. There's no term in the Isuzu dealer sales and service agreement requiring that. Of course, if you take them, you have to pay for them. So, they're required to be paid for in that sense. If you ask to cancel them, there really was no contractual basis for Isuzu to force you to take them. Of course, we thought that you needed them because, hey, you want to sell cars, you're going to need brochures and pamphlets and signs and those sorts of things. But the simple fact is that's not contained within the contract. The only exception to that was the Isuzu communication system, which was in that dealer standards addendum that I talked about. However, as your items were not complied with by JJCO and still, again, no right to do business. Furthermore, Mr. Maloney testified that the cost to run this Isuzu communication system was vastly exceeding the amount that they were collecting from the dealers. And that testimony had no counter testimony to it whatsoever. And therefore, that's the only record that we have on what the cost was. So, we think that JJCO failed on its burden to demonstrate that it was for the right to do business. We think Isuzu met its burden to demonstrate that, you know, the cost, that it was for value, etc. And that the evidence, there was certainly sufficient evidence to support the judgment. And more to the point, JJCO can't demonstrate that there was, that the weight of the evidence is contrary to that judgment of the jury. Assuming that JJCO did provide the court with some authority for a private right of action, is there a private right of action? Your Honor, I think there is a private right of action in certain circumstances. I don't think there is in this circumstance. And I think this is the reason. Because 437.28.5 specifically states that it only applies where a plaintiff's, quote, business or property is injured by a violation of this section. Right. Now, the section they're talking about was the, the violation they're talking about was the offering of a, of the Isuzu service agreement that was not accepted. Now, Mr. King did not answer and cannot answer the question, what damages were incurred from that offer? And that's all we're talking about here was the offer. Because the existing rights under the existing agreement, as acknowledged by plaintiff's own attorneys and, and principals, there were existing rights remain unchanged. You get an offer, you decline it, there's no damage flowing from there. So I don't think that there's a private right of action in this case, because the violation that Mr. King's talking about is just a, would be at most a technical violation that incurred no damages. So that private right of action wouldn't exist. Secondly, I don't think that there's even a violation in this case, because it's not coercive. There was no attempt to force somebody to do anything. The specific language of the, of 28A21A requires that you have to threaten to cancel the franchise agreement or threaten to refuse at the expiration of the franchise agreement. Isuzu didn't do any of those things. There was no evidence to support that Isuzu did any of those things. So I don't think that there, there's a private right of action in this case, because there's no damages from the offering of the service agreement. And I don't think that they could have satisfied their burden anyway, so it would be a harmless error at most. But furthermore, I don't believe there's any point where, where JJCO informed the court at the lower level of that existence of that statute. Well, my worry is that I didn't find in the record where they'd even established that their rights were affected by the offer. I think that's correct, Your Honor. That's what I'm saying. There's no, there were, the rights were not changed, and that was specifically acknowledged by... What's that? Yes. I believe that's correct, Your Honor. Your Honor, if you have anything further, I... I don't think the panel has any further questions. Thank you for your argument. To respond to the court's question about the location where I raised that there was a private cause of action, it is in between pages 114 and 117, and I specifically refer... Thank you. I point out that the motion, the motion for judgment that was filed did not mention to the court that there was this section 437.28.B.28.5. They said there was no right of private cause of action. We said that there was a private cause of action. Now, as far as the damages go, whether or not there's a violation, that section 28.5 specifically says that a 21, there is a private cause of action and you can seek damages, and our position was we were seeking damages because the service-only agreement said, we're not going to enter into an agreement with you to extend your dealer sales and service agreement, which was going to expire on June 30 of 2008. So soon as they announced that we're going to stop passenger vehicle sales, they come five months before June 30 of 2008 with this service-only agreement. It says you're not going to be able to sell anymore. Now, if you enter into that service-only agreement, you can sell, but only through January 30 of 2009. My client had just bought a two-year supply of vehicles. Was there any vehicles that they didn't either pay for or you didn't sell? Yes. There were 21 vehicles that they had left. That's what the case was about. 21 vehicles at $35,000 a vehicle put the damages up at a minimum in the $700,000 figure. So we were left with those vehicles. In those pages that you just referred to, did you cite the statute? I cited the one that we were basing our claim on, and that's 437-28A-21. That's not what you're citing now. You're citing a different statute, right? Our claim was based on the statute that I cited to the court. The court wanted to know, based on that statute, does that statute create a private cause of action? And the statute that I'm citing now, I didn't have before me at the time. But I also point out the motion for judgment that was filed by the defense didn't cite that statute either. And so it's an issue of loss, a question of under the right-wrong test, was there a private cause of action? My position was that there was. That I had that particular statute to cite at that moment. Was it cited in your complaint? 437-28A-21 is, yes. It's in count two. And we pointed that out in the record. But you're saying that there's a private cause of action based on 437-28.5B, right? Yes. Which is a different statute. But it says that the section that we referred to, there is a private cause of action to bring a claim under that section. So we brought the claim under the correct section. It was a question of what was the authority to support that section. All right. The two are interlinked. You have 40 seconds, so you might want to wrap up. I want to talk about this issue of whether the jury was right or wrong. You've heard them say that Mr. Maloney testified, and they've supplemented the record. What do they have? What do they have for Maloney that's opposing all of the evidence that shows all these fees were charged on a monthly basis? They were for services, according to the letter from Mr. Barnidge, for services. They were required to be paid. The judge found that in summary judgment. And there's no question they were required to be paid. Nobody said that they weren't. But the statute says, or agrees to pay. It doesn't say it has to require the pay. But the judge did not find on summary judgment that it was a franchise fee. Correct. The judge said there was a triable issue on that. So we're reviewing the jury verdict for all evidence and any inferences. So we've gone into overtime, so I'll give you 30 seconds to wrap up. I submitted a letter yesterday that updated the question of whether or not the court could still consider the denial of a motion for summary judgment after the case went to full trial. There was a Supreme Court case, Ortiz v. Jordan, but the Fireman's Fund case was decided in July of 2011. And that case says that we still recognize that the Bonillo's case, a 1990 or 2004 case, is still applicable. And in both of those cases, there was a full trial on the merits after summary judgment was ruled upon. And they said that the court, if it was an issue of law, could still address the denial of summary judgment. And on these two ---- You're done with time. Yes, Your Honor. I think that's the important part, if it is an issue of law. Thank you. Thank you, Your Honor. Can I ask one question? Certainly. Did you have ---- you submitted a request to certify these cases? Yes, Your Honor. And why would you want to do that after? I think that it's apparent that Judge Mulway, the trial judge, didn't understand the statute. But you didn't even ask her to certify it there. So what you're asking it for now, after you lost, right? That's correct. All right. If it's something that the court hasn't spoken on, you would logically say, do it now. You know, certify it now. But you didn't ask the district court to do that, right? I did not ask the district court to do that. But my understanding is you don't waive that right. It can be asked at this level. Right. But the reason that you want to have it decided by the Hawaii Supreme Court now is because you disagreed with what Judge Mulway said. Yes, I think she didn't understand the meaning of what was required. Once you ---- Thank you, Your Honor. Thank you. Yes. All right. This matter will stand submitted. Thank you both for your argument. The next matter on calendar is National Labor Relations Board versus HTH Corporation, cases 11-71676, 11-71968. Thank you.
judges: Schroeder, Callahan, Smith